FILED
AUG 14 2017
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MAHDI HAKIM, in propria persona, sui juris; | CV 17-4093 <br> CR 05-40025 |
| Petitioner, | |
| -vs- | MEMORANDUM OPINION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Petitioner, Mahdi Hakim, has filed a Petition for a Writ of Habeas Corpus Ad Subjiciedum. Construed as a successive Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, it will be dismissed for the following reasons.

## BACKGROUND

On March 17, 2005, Hakim was indicted for conspiracy to distribute and possession with intent to distribute 50 grams or more of a mixture and substance containing cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and 846. Hakim was arraigned and entered a plea of not guilty on June 6, 2006. A jury trial commenced on August 15, 2006. On August 16, 2006, the jury found Hakim guilty of conspiracy to distribute or possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base.

Sentencing occurred on November 7, 2006. Hakim's offense level was 37. With a criminal history category of VI, the sentencing guideline range was 360 months to life. The statutory mandatory minimum was a life sentence under the version of 21 U.S.C. § 841(b)(1)(A) in effect at the time of sentencing because of Hakim's two prior felony drug convictions. *See* 21 U.S.C. § 851(a)(1). The Court sentenced Hakim to life imprisonment.

Hakim appealed his conviction to the Eighth Circuit, claiming there was insufficient evidence to convict him. The Eighth Circuit affirmed the conviction. *United States v. Hakim*, 491 F.3d 843 (8th Cir. 2007).

On June 23, 2008, Hakim filed his first motion to vacate his conviction pursuant to 28 U.S.C. § 2255. He claimed that the testimony of the central witness, Ronnie Shaw, was not sufficient to prove a conspiracy, that his trial counsel was ineffective for failing to challenge his prior convictions, and that his due process rights were violated. After the parties briefed all of the issues, the § 2255 motion was denied and a certificate of appealability was not issued.

On July 16, 2012, Hakim filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255, arguing that he is actually innocent and that his conviction must be vacated under the recent United States Supreme Court decision in *DePierre v. United States*, - - -U.S.- - - , 131 S.Ct. 2225 (2011). The § 2255 motion was dismissed, because the motion was a successive petition without authorization, untimely, and lacking in merit.

On July 11, 2017, Hakim filed the pending motion to vacate his conviction pursuant to 28 U.S.C. § 2255, arguing that his conviction violated the Constitution, because the United States lacked jurisdiction over the land where the crime occurred.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. Rule 4(b) of the Rules on Motion Attacking Sentence Under Section 2255 requires the Court to conduct a preliminary examination of the motion and to dismiss it if it plainly appears from the motion and prior proceedings that the movant is entitled to no relief. The Court's initial screening of Hakim's petition indicates that it must be dismissed as a second or successive petition.

Second or Successive Petition

Before a second or successive application for § 2255 relief is filed in the district court, the appropriate court of appeals must issue an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin*, 518 U.S. 651 (1996); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir.2002) (per curiam). Hakim has not obtained

authorization from the Eighth Circuit to file a successive motion. Therefore, the motion to vacate must be dismissed or transferred to the Eighth Circuit. *See Boyd*, 304 F.3d at 814. The Court will dismiss rather than transfer Hakim's motion, because it lacks merit.

Merits

Hakim's claims have no merit. "[A] pro se complaint must contain specific facts supporting its conclusions" and cannot be merely conclusory. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Davis V. Hall, 992 F.2d 151, 152 (8th Cir. 1993). Hakim's vague allegations are not sufficient to state a claim upon which relief may be granted.

In the only claim with sufficient particularity for this court to examine, Hakim asserts that United States lacked jurisdiction over the land where the crime occurred. Hakim supports his claim with *Adams v. United States. Adams v. United States*, 319 U.S. 312 (1943). *Adams* is inapplicable in Hakim's case, because the facts are sufficiently distinguishable. In *Adams*, the defendants were convicted of sexual assault on a government military camp. *Adams*, 319 U.S. at 312. The Court found that the federal court lacked jurisdiction because the federal government had not, at the time, completed the process of accepting jurisdiction over property. *Adams*, 319 U.S. at 315. Hakim's conviction does not deal with property over which the government was required to formally accept jurisdiction. Furthermore, the court has original jurisdiction over all violations of federal law. *United States v. Watson*, 1 F.3d 733, 734 (8th Cir. 1993). *Adams* is not applicable here.

Evidentiary Hearing and Certificate of Appealability

If the motion, files and records of the case conclusively establish that the petitioner is not entitled to relief, the Court is not required to conduct an evidentiary hearing. *See Garcia v. United States*, 697 F.3d 1013, 1014 (8th Cir. 2012). There is no need for an evidentiary hearing in this case because it is clear from the record that the motion is a second or successive petition, it is time-barred, and Hakim has not raised a claim cognizable under 28 U.S.C. § 2255.

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Hakim has not made a substantial showing of the denial of a constitutional right.

For all of these reasons the Court finds that Hakim's motion must be dismissed. Accordingly,

    IT IS ORDERED:

    (1)    That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, doc. 1, is dismissed.

    (2)    That a Certificate of Appealability shall not issue on the claim raised in the § 2255 motion.

Dated this 14th day of August, 2017.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
    (SEAL)    DEPUTY